IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02832-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 15 2009

GREGORY C. LANGHAM
CLERK

ROBERT LANDON,

    Plaintiff,

v.

KEVEN ESTEP, Director C.M.R.C., In his Official and Individual Capacity,
RICK LeLONDE, Senior Case Manager, C.M.R.C., In his Official and Individual Capacity,
ARISTEDES ZAVARAS, Director, Colorado Department of Corrections, In his Official and Individual Capacity,
JAMES JOHNSON, Case Manager C.M.R.C., In his Official and Individual Capacity, and
JOE SANDERS, Case Manager C.M.R.C., In his Official and Individual Capacity,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Robert Landon, currently is in the custody of the Colorado Department of Corrections and is incarcerated at the detained at Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Mr. Landon has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Landon is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Landon will be ordered to file an Amended Complaint.

The Court has reviewed the Prisoner Complaint filed by Mr. Landon and finds that it is deficient. Mr. Landon appears to assert violations of his First and Fourteenth Amendment rights. Nonetheless, he fails to assert how each named Defendant violated his constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Landon must show that each named defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Landon fails to assert how Defendants personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges how **all** named Defendants personally participated in the alleged constitutional violates. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Landon file **within thirty days from the date of this Order** an Amended Complaint that complies with the Order. It is

2

FURTHER ORDERED that the Clerk of the Court mail to Mr. Landon, together with a copy of this Order, two copies of the Prisoner Complaint form for use in filing the Amended Complaint. It is

FURTHER ORDERED that if Mr. Landon fails to file an Amended Complaint that complies with this Order, within the time allowed, the action will be dismissed without further notice.

DATED January 15, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02832-BNB

Robert Landon
Prisoner No. 85727
CMRC
2925 East Las Vegas Avenue
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 1/15/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk