IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 05 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02832-BNB

ROBERT LANDON,

    Plaintiff,

v.

KEVIN ESTEP, Director C.M.R.C., In his Official and Individual Capacity,
RICK LeLONDE, Senior Case Manager, C.M.R.C., In his Official and Individual Capacity,
ARISTEDES ZAVARAS, Director, Colorado Department of Corrections, In his Official and Individual Capacity,
JAMES JOHNSON, Case Manager C.M.R.C., In his Official and Individual Capacity, and
JOE SANDERS, Case Manager C.M.R.C., In his Official and Individual Capacity,

    Defendants.

---

ORDER DISMISSING COMPLAINT IN PART AND
ORDERING THE ACTION DRAWN IN PART
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Robert Landon is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. On December 29, 2008, he submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Complaint was deficient. On January 12, 2009, Plaintiff filed a proper Complaint. Magistrate Judge Boyd N. Boland reviewed the Complaint and entered an order on January 15, 2009, in which he determined that Plaintiff had failed to assert personal

participation by named Defendants and instructed Plaintiff to file an Amended Complaint, which Plaintiff did on January 22, 2009.

The Court must construe the Amended Complaint liberally because Mr. Landon is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint in part and order the Complaint drawn to a district judge and to a magistrate judge in part.

Mr. Landon sets forth two claims. In Claim One, he asserts that Defendants Joe Sanders, Rick LeLonde, and James Johnson discriminated against him when they denied him the ability to call the state court regarding the placement of his children, but allowed other inmates, a Black inmate and a Hispanic inmate, to call their families. In Claim Two, Mr. Landon asserts that his children have been placed in a home where they know no one and are suffering mental anguish, because Defendants refused to allow Plaintiff to contact the courts and make arrangements for the placement of his children with family members. Plaintiff seeks money damages.

With respect to Claim One as asserted against Defendants LeLonde, Johnson, and Sanders, the claim will be drawn to a district judge and to a magistrate judge. Plaintiff, however, lacks standing to raise Claim Two on behalf of his children. A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464,

474 (1982) (quotation omitted). Consequently, this Court lacks jurisdiction over Claim Two. *See Board of County Comm'rs*, 992 F.2d at 1063 (standing is a prerequisite to a court's jurisdiction).

As for Defendants Kevin Estep and Aristedes Zavaras, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

Mr. Landon asserts that because of their supervisory positions Defendants Estep and Zavaras are liable for the alleged discriminatory acts of their employees. Defendants Estep and Zavaras, therefore, will be dismissed as parties to this action for lack of personal participation. Accordingly, it is

ORDERED that Claim One, as asserted against Defendants Rick LeLonde, James Johnson, and Joe Sanders, shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that Claim Two is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that Defendants Kevin Estep and Aristedes Zavaras are dismissed from the action, and the Clerk of the Court is instructed to terminate them as named parties to the suit.

DATED at Denver, Colorado, this 5 day of Feb., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court