IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02832-PAB-BNB

ROBERT LANDON,

Plaintiff,

v.

RICK LELONDE, Senior Case Manager, C.M.R.C., in his official and individual capacity,
JAMES JOHNSON, Case Manager C.M.R.C., in his official and individual capacity, and
JOE SANDERS, Case Manager, C.M.R.C., in his official and individual capacity,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the defendants' **Motion to Dismiss for Failure to Pay Partial Filing Fee** [Doc. #33, filed 07/30/2009] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be DISMISSED WITH PREJUDICE.

Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, without payment of an initial partial filing fee. The order states, in part, the following:

> However, although he need not pay an initial partial filing fee, Plaintiff remains obligated to pay the required $350.00 filing fee through monthly installments as directed in this Order. Accordingly, it is
>
> * * *
>
> FURTHER ORDERED that Mr. Landon may proceed in this action without payment of an initial partial filing fee. Plaintiff remains obligated to pay the full amount of the required $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1) regardless of the outcome of this action. It is
>
> FURTHER ORDERED that, until the $350.00 filing fee is paid in full, Plaintiff shall make monthly payments to the Court of twenty

percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment.  Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this Order.  Plaintiff must file a current certified copy of his trust fund account statement to show cause.  It is

FURTHER ORDERED that if Plaintiff fails to have the appropriate monthly payment sent to the Clerk of the Court each month or to show cause each month, as directed above, why he has no assets and no means by which to make the monthly payment, the Complaint may be dismissed without further notice.

*Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial Filing Fee* [Doc. # 5], pp. 2-3.

Section 1915(b)(2), 28 U.S.C., requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00.  This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. Harris v. Colorado Dept. of Corrections, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. December 19, 2000).

The plaintiff did not make monthly payments to the court nor did he show cause why he could not make payments for the months of January, February, March, and April 2009. Consequently, on May 21, 2009, I ordered that on or before June 19, 2009, the plaintiff must either make the required monthly payments or show cause why he could not [Doc. #24].

I warned the plaintiff that it is not acceptable for him to meet his monthly obligations only when specifically called upon by the court through an order to pay or show cause, and I ordered him, by the **15th day** of **each** month and without any further notice from or order of the court, to either make the required monthly payment for each preceding month or to file a

2

certified copy of his inmate trust fund account statement for the preceding month demonstrating

that he has no assets and no means by which to make the monthly payment.  I further warned the

plaintiff that if he "fails hereafter to comply with this requirement in any month prior to the date

on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to

comply with this order and with the orders allowing plaintiff to proceed *in forma pauperis* and

without payment of his initial partial filing fee ."  In addition, I advised the plaintiff that "making

purchases at the canteen in lieu of making his required monthly payments fails to demonstrate

good cause for his nonpayment."

The plaintiff did not make the required monthly payments or show cause why he could

not.  To the contrary, on July 28, 2009, he submitted an "Inmate Statement of Account" which

shows that in June 2009 he had a balance of $146.63 and that he spent a total of $107.37 at the

canteen [Doc. #31].  The plaintiff did not submit any money to the court with his account

statement.  Nor has he made monthly payments or shown cause why he cannot make payments

for the months of May, June, and July 2009.

Rule 41(b), Fed.R.Civ.P. provides:

> If the plaintiff fails to prosecute or to comply with these rules or a
> court order, a defendant may move to dismiss the action or any
> claim against it.  Unless the dismissal order states otherwise, a
> dismissal under this subdivision (b) and any dismissal not under
> this rule - except one for lack of jurisdiction, improper venue, or
> failure to join a party under Rule 19 - operates as an adjudication
> on the merits.

Before recommending dismissal of a case under Rule 41(b), I must consider and address

the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which include

(1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the

3

judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective. See Cosby, 351 F.3d 1324, 1333 (10th Cir. 2003).

I find that any prejudice suffered by the defendants as a result of the plaintiff's failure to comply with the Court's orders is minimal and, without more, would be insufficient to warrant dismissal.[1] See Ehrenhaus, 965 F.2d at 921.

With regard to the second factor, the plaintiff's continued failure to comply with Court orders has caused disruption in my docket. Rather than attending to the merits of this case and other cases, I have been required to devote attention to this plaintiff's failure to comply with Court orders and §1915(b). In addition, as noted in the Cosby case, the plaintiff's failure to comply with his obligation to make payments or show cause demonstrates a lack of respect for the judicial process and the law; it undermines the uniform application of the rules towards *in forma pauperis* litigants, many of whom comply with their obligations; and it substantially interferes with the ability of the Court to exercise its case administration authority. Where, as here, a party flaunts a court's orders, the fundamental mechanism by which justice is administered is harmed.

With regard to the issue of culpability, I find that the plaintiff alone is responsible for his noncompliance.

---

[1] I note, however, that the purpose behind requiring prisoners to pay their filing fees is to deter frivolous prisoner litigation. Williams v. Roberts, 116 F.3d 1126, 1127-28 (5th Cir. 1997). Defendants, like the courts, are burdened by frivolous civil rights cases. Thus, civil rights defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

The plaintiff has had ample warning that his case would be dismissed for noncompliance with the payment and reporting requirements.  In the order granting him leave to proceed *in forma pauperis* on January 12, 2009, he was warned that "if Plaintiff fails to have the appropriate monthly payment sent to the Clerk of the Court each month or to show cause each month, as directed above, why he has no assets and no means by which to make the monthly payment, the Complaint may be dismissed without further notice" [Doc. #6].   In my order to show cause issued on May 21, 2009, he was given the following two warnings: "If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this order and with the orders allowing plaintiff to proceed *in forma pauperis* and without payment of his initial partial filing fee" and "IT IS FURTHER ORDERED that if plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice" [Doc. #24].

I conclude that no sanction less than dismissal would be effective.  The plaintiff is proceeding *in forma pauperis*; consequently a monetary sanction would be ineffective.  Because the injury from the plaintiff's failures to comply principally is to the judicial system, and not the defendants, a sanction limiting the plaintiff's ability to present evidence would bear no substantial relation to the misconduct.  Under these circumstances, I am convinced that dismissal of this case without prejudice is an appropriate sanction.

I respectfully RECOMMEND that the plaintiff's Complaint be DISMISSED WITH PREJUDICE pursuant to Rule 41, Fed. R. Civ. P., for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show

cause each month that he has no assets with which to make the monthly payment, all as directed by the Court's orders of January 12, 2009, and May 21, 2009.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 7, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge